Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 SEP -7 PM 4: 15

CLERK OF COURT



# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| IN THE MATTER OF:<br>JULIA BERG, on behalf of ALVIN BERG,<br>deceased,<br><br>Petitioner,<br><br>vs.<br><br>WORKER'S COMPENSATION COMMISISON,<br><br>Respondent,<br><br>and<br><br>DEPARMTENT OF PUBLIC HEALTH AND SOCIAL SERVICES,<br><br>Real Party in Interest. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. SP0129-09

DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 11, 2012, on Julia Berg's Petition for Judicial Review.[1] Attorney Daniel S. Somerfleck

---

[1] This Court notes that the proper method for obtaining review of a Compensation Order is by filing a complaint for injunctive relief in the Superior Court as opposed to filing a petition for judicial review. 22 GCA § 9122(a); *c.f. Carlson v. Perez*, 2007 Guam 6 ¶ 66 (holding that where the Civil Service Commission's rules and regulations set specific procedures for judicial review of a CSC decision, the aggrieved party must follow those specified procedures.). However, local precedent suggests that the substance of the petition and the relief sought control how the court treats the action, not the title of the caption. *DCK Pacific v. Quiambao*, 2010 Guam 16, ¶ 14; *c.f. Bondoc v. Worker's Compensation Comm'n*, 2000 Guam 6 (deciding issues in a worker's compensation claim on the merits despite the fact that the case was filed as a petition for writ of review). In this case, Petitioner clearly seeks judicial review of the Commission's findings and conclusions. Such review is clearly authorized by statute and this Court will treat the Petition as a properly filed complaint for injunction and request to set aside the Compensation Order under 22 G.C.A. § 9122(a).

represented Petitioner, Julia Berg. Assistant Attorney General William C. Bischoff represented Real Party in Interest, Department of Public Health and Social Services. Following the hearing the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

Prior to his unfortunate death, Alvin Berg worked for the Department of Public Health and Social Service ("DPHSS"). On January 20, 2005, Mr. Berg fell down a flight of stairs at DPHSS's Mangilao location and died from head injuries. Although no one witnessed the fall, it is clear that Mr. Berg suffered from Meniere's Disease, a condition that causes dizziness, vertigo, and imbalance when walking or standing.

On February 22, 2005, Petitioner filed a claim with the Worker's Compensation Office ("WCO") for benefits related the death of her husband, Mr. Berg. The WCO ultimately concluded that Mr. Berg's Meniere's Disease caused the fall. The WCO denied Petitioner's claim based on its finding that the fall was idiopathic (i.e., that it was caused by an affliction personal to Mr. Berg) and that the injuries did not arise out of Mr. Berg's employment. Petitioner appealed and the Worker's Compensation Commission ("Commission") held a formal hearing on Petitioner's claim. The Commission upheld the WCO's denial of the benefits claim based on the Commission's determination that the evidence supported DPHSS's assertion that Mr. Berg's fall was not caused by a defective condition of the stairs, as Petitioner argued, but was instead caused by Mr. Berg's Meniere's Disease. The Commission concluded that the fall was not causally connected to Mr. Berg's employment and that the injuries were not, therefore, compensable. Petitioner timely filed a request for judicial review of the Commission's findings.

# DISCUSSION

Petitioner argues that the Commission's legal conclusions are erroneous and that its findings are not supported by substantial evidence. This Court agrees that the Commission's decision is not in accordance with law.

## I. Jurisdiction

This Court has jurisdiction to review a decision issued by the Commission pursuant to Title 5 GUAM CODE ANN. § 9240, 7 G.C.A. § 3105 (2005), and 22 G.C.A. § 9122(b).

## II. Standard of Review

This Court reviews a Compensation Order to determine whether the Commission's decision is in accordance with law or whether it is supported by substantial evidence. 22 G.C.A. § 9122(b); 5 G.C.A. § 9240. If the Commission's decision is not in accordance with law or is not supported by substantial evidence the court may set aside the Compensation Order. 22 G.C.A. § 9122(b). The Court reviews the Commission's conclusions of law *de novo. Fagan v. Dell'Isola*, 2006 Guam 11 ¶ 10. If the facts underlying the Commission's decision are not in dispute, the court may draw its own legal conclusions.[2] *Holmes v. Terr. Land Use Comm'n*, 1998 Guam 8 ¶ 6.

## III. Analysis

Parties litigating a claim under Guam's Workers' Compensation Law, Title 22, Chapter 9, must navigate shifting burdens. An employee filing a workers' compensation claim enjoys a statutory presumption of compensability. 22 GCA § 9192(a). However,

---

[2] Neither Petitioner nor DPHSS provided the transcript of the hearing before the Commission and so this Court cannot review the the evidence presented to the Commission. However, the following relevant facts are not in dispute: that Mr. Berg fell during work hours while navigating a flight of stairs at his place of employment, and that Mr. Berg suffered fatal injuries as a result of the fall.

the Guam Supreme Court has held that "the mere showing of an injury does not invoke the presumption." *Fagan*, 2006 Guam 11 ¶ 24. That presumption arises only upon a prima facie showing that 1) the claimant suffered an injury; and 2) that the injury occurred in the course of employment, or that "conditions existed at work that could have caused, aggravated, or accelerated the injury." *Id.* If the claimant meets his initial burden, the burden then shifts to the employer to put forth "'substantial evidence establishing the absence of a connection between the injury and the employment.'" *Id.* at ¶ 25 (quoting *Gooden v. Dir., Office of Worker's Comp. Programs*, 135 F.3d 1066, 1068 (5th Cir. 1998)). If the employer rebuts the presumption, "the inquiry then becomes whether, viewing all the evidence of record, the injury arose out of and in the course of employment." *Id.* (citing *Gooden*, 135 F.3d at 1068).

The relevant issue in this case is whether an employee's claim for injuries resulting from a fall on a stairway at his place of work is compensable when the cause of the fall is personal and not related to the employment. Guam's Workers' Compensation law defines a compensable injury as "accidental injury or death arising out of and in the course of employment." 22 GCA § 9103(m). The Commission found that Petitioner met her initial burden of presenting a prima facie claim giving rise to the presumption of compensability. The Commission then concluded that substantial evidence showed that Mr. Berg's fall was caused by his pre-existing Meniere's Disease, and that because the cause was idiopathic, both the fall and the resulting death did not arise out of Mr. Berg's employment as required by section 9103(m). The Commission thus found that DPHSS met its burden of showing that the claim is not compensable.

-4-

This Court finds that in reaching this conclusion, the Commission misinterpreted the applicable law.

The question of whether a claim resulting from an idiopathic fall at the work place constitutes an injury "arising out of and in the course of employment" has never been addressed by Guam courts. The phrase 'arising out of and in the course of employment' is essentially a test for causation . . . ." *Fagan* at ¶ 31. In interpreting and applying the statutory language to the facts of this case, this Court looks to New York case law for guidance: Cases interpreting that state's similar statute are persuasive in this jurisdiction when determining legal causation under Guam's Workmans' Compensation Law. *Fagan* at ¶ 39.

The New York cases relied upon by DPHSS and the Commission to support their shared conclusion that Mr. Berg did not suffer a compensable injury are easily distinguished. In *Katherine Andres v. L. & S. Amusement Corp.*, 253 N.Y. 97 (N.Y. App. Div. 1930), claimant suffered fatal injuries after he experienced an epileptic seizure while on a work-related errand and fell, striking his head on the pavement. The court held that claimant was not entitled to benefits under New York law because the risk of falling to flat ground is ever-present and could not be attributed to claimant's employment. *Id.* at 102. But, in *Dasaro v. Ford Motor Co.*, 113 N.Y.S.2d 413, 415 (N.Y. App. Div. 1952)—the only other case cited by the Commission in its findings—the court drew an important distinction between a fall to straight to the floor, for which any resulting injury is not compensable, and a fall subjecting a worker to some additional hazard such as a chair, desk, or radiator, for which a resulting injury caused by the hazard is compensable. In making this distinction, the Court reasoned that

compensation is not available to a worker who falls straight to the floor because "the ground below is a universal and normal boundary on one side of life." Thus, due to the fact that the Workman's Compensation Commission in that case made an express factual finding that the ground, not a radiator, caused claimant's injury, the *Dasaro* court affirmed the Commission's denial of benefits.

In contrast to *Katherine Andres* and *Dasaro*, in this case Mr. Berg did not fall straight to a floor; he apparently fell from a place of height while on a stairway. The rule adopted in a majority of jurisdictions provides generally that (((("{when an employee, solely because of a nonoccupational pre-existing condition, falls an dsustains a an injury, the injury is "compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle." *Larson's Workers' Compensation Law* § 9.01[1] (2007). New York courts appear to follow this majority rule. *See Dickerson v. Essex County*, 157 N.Y.S.2d 94 (1956) (N.Y. App. Div. 1956); *Amo v. Empsall-Clark Co.*, 193 N.Y.S.2d 1954 (N.Y. App. Div. 1959). In *Dickerson v. Essex County*, the claimant fell down a flight of stairs while working and suffered fatal injuries. *Dickerson*, 193 N.Y.S.2d at 1954. Though the cause of the fall could reasonably have been attributed to an injury that claimant sustained while working for a former employer—and therefore might not be found to be related to claimant's present employment—the Court held that "[e]ven if the fall were treated as an idiopathic one from the standpoint of the current employer, the conditions of employment obviously contributed to the hazards of the fall and the employer could

-6-

therefore be held liable for compensation." *Id.* (citing *Matter of Connelly v. Samaritan Hosp.*, 259 N. Y. 137).

In *Connelly v. Samaritan Hosp.*, 259 N.Y. 137, (N.Y. App. Div. 1932), the court discussed whether an injury arises out of the employment when it is the result of co-operating causes—one cause that is related to the employment and another that is personal to the claimant. Where co-operating causes exist, the inquiry becomes whether the injury is the result of a general risk unrelated to the employment, or whether the injury resulted from a combination of circumstances, some of which are related to the conditions of employment and others that are not. *Connelly*, 259 N.Y. at 140. When a combination of circumstances contributes to the resulting injury, "the cause may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment." *Id.* (citing *Mausert v. Albany Builders Supply Co.*, 250 N. Y. 21, 25 (N.Y. App. Div. 1928)). The *Connelly* court thus held that an injury resulting from an idiopathic fall is compensable so long as a condition of the employment contributed to the resulting injury:

> [W]here the primary cause of the accident must be eliminated because it has no relation to the employment, the inquiry proceeds to possible co-operating causes which produced the injury. . . . If, except for the employment, the fall though due to a cause not related to the employment, would not have carried the consequences it did, then causal connection is established between injury and employment, and the accidental injury arose out of the employment. The employment has subjected the workman to a special danger which in fact resulted in injury.

*Id.*

In the present case the operative question is not whether the initial fall was caused by a condition unrelated to the employment; the key determination is whether the conditions of the employment subjected Mr. Berg to a heightened risk of injury from the fall. Though not cited by either party in their respective memoranda, *Amo v. Empsall-Clark Co.*, 9 A.D.2d 852 (N.Y. App. Div. 1959) is most persuasive as that case involved facts nearly identical to those in the present case. The claimant in *Amo* fell down stairs located at her workplace and injured her back. *Id.* at 853. Claimant did not know what caused her to fall, though she did suffer from periodic fainting spells. Her employer contended the fall was idiopathic. The *Amo* court, relying on *Dickerson*, held that because the claimant was required to use the stairs at her work, the stairs represented a "condition of her employment" and, regardless of whether the cause of the initial fall was idiopathic, the stairs caused the actual injury and so the award of benefits to claimant was proper. *Id. See also Kantor v. William Armstrong Pub. Co.*, 258 N.Y.S. 488 (N.Y. App. Div. 1932) (employee was within the course of his employment when ascending the stairway leading to the employer's premises to perform the duties of his employment, by a way provided by the employer.)

Stairways are, of course, a common structure in our everyday lives, but they are certainly not universal. And while a floor may be characterized as a neutral risk, the existence of a stairway effectively increases the odds of injury when compared to the risks posed by falling to flat ground. The existence of an increased risk or hazard is crucial in determining whether a claimant has a viable workers' compensation claim. As the *Connelly* court recognized:

> Where conditions of the employment, including the location of the place of
> work, constitute a factor which in combination with other conditions

produces accidental injury, the risk of such an injury is incident to the employment. That is true, though risk of similar injury is no greater in that employment than otherwise.

*Connelly*, 259 N.Y. at 139. In this case, the Commission applied an erroneous interpretation of law in concluding that because Mr. Berg's disease caused the fall, the injury did not arise out of the employment. The existence of the stairway increased Mr. Berg's risk of injury. Mr. Berg's death was determined to be the result of a head wound suffered from the fall down a flight of stairs that he routinely used when going to and from his second-floor office. This Court finds that in this case the injury arose out of and in the course of employment and, therefore, constitutes a compensable injury under title 22, section 9103(m) of the Guam Code.

## CONCLUSION

Based on the foregoing, the Court sets aside the Findings of Fact and Conclusions of Law issued by the Workers' Compensation Commission and remands the matter to the Commission for a determination on Petitioner's benefits claim in a manner consistent with this Decision.

It is **SO ORDERED** this 7th day of September, 2012.

SEP 0 7 2012

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

SEP 0 7 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

***ORIGINAL***